UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 08-60318-CR-MARRA |
| | ) |
| SERGE DESILETS | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MOTION TO AMEND JUDICIAL RECOMMENDATION**

COMES NOW the Defendant, SERGE DESILETS, through undersigned counsel, and makes this Motion to Amend Judicial Recommendation for Designation. In support of this Motion, Mr. DESILETS states as follows:

1. This Court sentenced Defendant, on March 6, 2009, to 48 months imprisonment, three years supervised release and one hundred dollars ($100.00) assessment for Conspiracy to Import 150 Kilograms of Cocaine.

2. The Court issued a recommendation to the Federal Bureau of Prisons ("BOP") that "The Defendant be designated to an institution as close to Phillipsburg, Pennsylvania as possible." Mr. DESILETS requested this location so he would be nearer to the Canadian border upon expiration of sentence. Such a placement would facilitate his removal from the United States and return to his native Canada.

3. The United States Attorney's Office for the Southern District of Florida agreed not to oppose the Defendant's request to be transferred to Canada pursuant to the Canadian Transfer Treaty Act.

4. The Court is authorized under Title 18 §3621(b)(4)(B) to issue a recommendation to the Bureau of Prisons regarding the appropriate designation of the defendant and we move Your Honor to amend the previous recommendation by in fact making it more specific given the following items.

5. Due to overcrowding at the BOP facility in Phillipsburg, PA (Moshannon Valley CI), the BOP could not designate Mr. DESILETS to that location. Instead, the BOP designated Mr. DESILETS to the Reeves Correctional Institution in Pecos, Texas.

6. Reeves CI is approximately 2,300 miles from Mr. DESILETS home in Quebec. The prison is also not a BOP institution. Reeves CI is a privately-run, contract facility for "Sentenced Criminal Aliens."

7. Because of the considerable distance Reeves CI is from his family in Canada, and because Mr. DESILETS seeks an early removal order from an immigration court to avoid post-sentence custody in an Immigration & Customs Enforcement (ICE) jail, he respectfully requests, that the Court recommend to the BOP that he be assigned to serve his sentence at the Federal Correctional Institution at Allenwood, Pennsylvania. Mr. DESILETS also requests that the Court recommend that the Bureau of Prisons not confine him in an institution for "Sentenced Criminal Aliens."

8. Because he is not a citizen of the United States, Mr. DESILETS is not eligible for placement (at any time during his incarceration) in a minimum-security camp, nor will he be granted a transfer to a community-based reentry center during the last year of his sentence (nor further to home confinement for the last 10% of his sentence).1

---

1   Mr. DESILETS is a foreign national and absent express written waiver from the Department of Homeland Security ("DHS") Bureau of Immigration and Customs Enforcement ("ICE"), Mr. DESILETS technically stands deportable under 8 U.S.C. § 1227 (a)(2)(A)(i)(II) (General Crimes, Moral Turpitude, convicted of crime punishable by more than one year and one day). Mr. DESILETS' alien status has led the Bureau of Prisons ("BOP") to define him as a "deportable alien." *See* USDOJ–FBOP Program Statement (P.S.) 5100.07, *Security*

9. Recently, the BOP has been placing non-citizen inmates in special, privately-run prisons operated by security firms and contractors. These institutions are scattered throughout the country and for budgetary reasons, offer only essential inmate services. The BOP refers to these facilities as special prisons for "sentenced criminal aliens."

10. It is Mr. DESILETS's hope that, at age 55, with his family residing in Quebec, Canada, he be permitted to serve his prison term relatively near that location in a safe and healthy environment. FCI Allenwood is the nearest low-security federal prison that is suitable for Mr. DESILETS. FCI Allenwood is approximately 600 miles from Quebec; but more importantly, the facility also houses what is called an Institutional Hearing Program (IHP), a unique program operated by BOP in concert with Immigration & Customs Enforcement.[2] The IHP allows foreign inmates to apply to have their deportation or residency issues adjudicated *early* during the pendency of their active prison terms as opposed to after the expiration of their sentence (and transfer to an ICE detention center).

11. Designation to Allenwood (Low) may allow timely resolution of Mr. DESILETS's immigration status, and hopefully will allow his return to his native land without having to endure further confinement in an ICE hold-over center.  FCI Allenwood also has an additional element that favors its selection for Mr. DESILETS.  It is within nine hours (driving) of his home as opposed to 36 hours.

12. Amended judicial recommendation to FCI Allenwood will allow the BOP to reconsider this inmate's family and immigration concerns.

---

*Designation and Custody Classification Manual*, Ch. 7, pp. 3-4 (9/3/99) ("A 'Deportable Alien' is a **male** or **female** inmate who is a citizen of a foreign country, rather than the United States."). Until ICE determines Mr. Milton will not be deported, the BOP will apply a "Deportable Alien" Public Safety Factor to his security classification rating, which in turn requires designation to at least a low-security Federal Correctional Institution and not to a minimum-security camp.  *See* USDOJ–FBOP Program Statement (P.S.) 5100.07, *Security Designation and Custody Classification Manual*, Ch. 7, pp. 3-4 (9/3/99) (Public Safety Factors or "PSF").

2      *See* USDOJ–FBOP Program Statement 5111.01, *Institution Hearing Program* (CN-01, August 25, 1997).

13. On today's date the undersigned counsel spoke with Assistant United States Attorney, Larry LaVecchio who has advised that he has no objection to this Motion.

14. For all the above listed reasons, the Defendant respectfully requests this Honorable Court issue an amended placement recommendation to the BOP that asks this Defendant be placed at FCI Allenwood.

15. For the Court's convenience, we have included here a proposed order for the Court's use.

**WHEREFORE,** the Defendant would request this Motion be granted.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been filed electronically with the Clerk using CM/ECF and furnished by electronic mail delivery this 21st day of April, 2009 to: Lawrence LaVecchio, Esq., Office of the United States Attorney, 500 East Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33394, and to all other counsel of record as listed by the Clerk.

        JEFFREY M. HARRIS, P.A.
        Suite 925 - Wachovia Tower
        One East Broward Boulevard
        Fort Lauderdale, Florida  33301
        Tel: (954) 522-7000
        Fax: (954) 522-7008

        *Jeffrey M. Harris*
        _____
        JEFFREY M. HARRIS
        FLA. BAR #195981

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-60318-CR-Marra |
| SERGE DESILETS | ) |
| Defendant. | ) |

**ORDER AMENDING JUDICIAL RECOMMENDATION**

Having reviewed Petitioner(s) Motion based upon this Court's Judgment in a Criminal Case issued March 6, 2009 and having considered the program statements and overarching Bureau of Prisons' immigration policies at issue and the Court being otherwise duly advised, the Court hereby,

**Reccomends** that the Federal Bureau of Prisons reconsider this defendant's designation to Reeves CI in Pecos, Texas in light of the Court's sentencing goals; re-designate the Defendant to FCI Allenwood to be nearer his home in Canada and so that he may participate in Allenwood's IHP; and therefore, it is

**HEREBY ORDERED** that the Judicial recommendation in this case be amended to reflect "The Court recommends this defendant be designated to the FCI Allenwood (low) to participate in the Institution Hearing Program."

**IT IS HEREBY FURTHER ORDERED** that a copy of this order and recommendation be delivered forthwith to the United States Marshal Service for this District and further

ORDERS the USMS to deliver a copy of this order immediately to the Federal Bureau of Prisons' Designation and Sentence Computation Center.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida this _____ day of _____, 2009.

_____
Judge Kenneth A. Marra
U.S. District Judge

copies furnished to:

All counsel